# United States Bankruptcy Court
## District Of Minnesota

In re <u>Duke and King Missouri, LLC</u>                            Case No. <u>10-38653</u>      
                   Debtor                                           Chapter    <u>11</u>        

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $73,248.71 | | |
| B - Personal Property | Yes | 5 | $2,184,411.55 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | $12,406,852.13 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 5 | | $31,791.91 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 4 | | $161,088.11 | |
| G - Executory Contracts and Unexpired Leases | Yes | 3 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | $ |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | $ |
| **Total** | | 22 | $2,257,660.26 | $12,599,732.15 | |

In re: <u>Duke and King Missouri, LLC.</u>    Case No. <u>10-38653</u>

# SCHEDULE A- REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contract and unexpired leases on this schedule. List them in Schedule G – Executory contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C – Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Building Only 3020 E. Sunshine St, Springfield, MO 65804 <br><br> County Asset No. 10660900010 | Owner | | $73,248.71 | |
| | | | | |
| | | | | |
| | | | | |
| Total (Report also on Summary of Schedules.) | | | $73,248.71 | |

In re:   Duke and King Missouri, LLC                                   Case No.  10-38653

## SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 1.  Cash on hand. | X | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | | See Attachment B-3 | $186,797.47 |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | |
| 5.  Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | |
| 6.  Wearing apparel. | X | | |
| 7.  Furs and jewelry. | X | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | |
| 9.  Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | |
| 10.  Annuities.  Itemize and name each issuer. | X | | |

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension of profit sharing plans. Give particulars. | X | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | |
| 14. Interest in partnerships or joint ventures. Itemize | X | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | |
| 16. Accounts receivables | X | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance polity, or trust. | X | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give value of each. | X | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | Franchise Fees | 277,867.43 |

{2500224:}

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|
| 24.  Customer lists or other compilations containing personally identifiable information (as defied in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | |
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | X | | |
| 26.  Boats, motors, and accessories. | X | | |
| 27.  Aircraft and accessories. | X | | |
| 28.  Office equipment, furnishings, and supplies. | | Office Equipment Located at Multiple Restaurants | 40,469.00 |
| 29.  Machinery, fixtures, equipment, and supplies used in business. | | Located at multiple restaurants: Restaurant Equipment -- $796,028.00 HVAC Improvements -- $430,425.00 Décor & Seating -- $105,452.00 Signage -- $87,764.00 Cash Register System -- $58,413.00 Misc Other (non real property improvements) -- $12,944.00 | 1,491,026.00 |
| 30.  Inventory. | | Inventory Located at Multiple Restaurants | 188,251.65 |
| 31.  Animals. | X | | |
| 32.  Crops – growing or harvested.  Give particulars. | X | | |
| 33.  Farming equipment and implements. | X | | |
| 34.  Farm supplies, chemicals, and feed. | X | | |
| 35.  Other personal property of any kind not already listed.  Itemize. | X | | |
| **TOTAL:** | | | $2,184,411.55 |

3

## SCHEDULE B – PERSONAL PROPERTY

## EXHIBIT B-3

### Security Deposits

| LOCATION | DESCRIPTION | BOOK VALUE |
|---|---|---|
| Aquilla-KCP&L<br>PO Box 219703<br>Kansas City, MO 64121-9703 | Deposit for Utility Services | $8,103.00 |
| Carthage Electric & Water<br>PO Box 611<br>Carthage, MO 64836 | Deposit for Utility Services | 6,300.00 |
| Cartridge Water & Electric<br>PO Box 611<br>Carthage, MO, 64836 | Deposit for Utility Services | 1,304.47 |
| City of Bolivar Water Dept<br>PO Box 9<br>Bolivar, MO 65613 | Deposit for Utility Services | 80.00 |
| City of Lebanon<br>PO Box 111<br>Lebanon, MO 65536 | Deposit for Utility Services | 1,500.00 |
| City of Monett<br>Po Box 110<br>Monett, MO 65708 | Deposit for Utility Services | 3,000.00 |
| City of Neosho<br>203 E Main St<br>Neosho, MO 64850 | Deposit for Utility Services | 40.00 |
| City of Nevada<br>110 S Ash St<br>Nevada, MO 64772 | Deposit for Utility Services | 1,000.00 |
| City of Ozark<br>205 N 1st St<br>Ozark, MO 65721 | Deposit for Utility Services | 100.00 |
| City of Republic<br>213 North Main<br>Republic, MO 65738-1472 | Deposit for Utility Services | 500.00 |
| City of Webb City-Utilities<br>PO Box 287<br>555 S Main St<br>Webb City, MO 64870 | Deposit for Utility Services | 250.00 |

| LOCATION | DESCRIPTION | BOOK VALUE |
|---|---|---:|
| City of West Plains<br>PO Box 710<br>West Plains, MO 65775 | Deposit for Utility Services | 2,020.00 |
| City Utilities of Springfield<br>301 E. Central<br>Springfield, MO 65801 | Deposit for Utility Services | 76,200.00 |
| Empire District Electricity<br>PO Box 219239<br>Kansas City, MO 64121-8238 | Deposit for Utility Services | 50,070.00 |
| Kansas Gas Service<br>PO Box 219046<br>Kansas City, MO 64121-9046 | Deposit for Utility Services | 4,200.00 |
| Missouri Gas Energy<br>PO Box 219255<br>Kansas City, MO 64121-9255 | Deposit for Utility Services | 18,215.00 |
| Rolla Municipal Utilities<br>PO Box 767<br>Rolla, MO 65402-0767 | Deposit for Utility Services | 8,000.00 |
| Sedalia Water<br>PO Box 806<br>Sedalia, MO 65302-0806 | Deposit for Utility Services | 500.00 |
| Southern Missouri Gas<br>PO Box 847<br>Mountain Grove, MO 65711 | Deposit for Utility Services | 150.00 |
| Westar Energy<br>P.O. Box 758500<br>Topeka, KS 66675-8500 | Deposit for Utility Services | 5,265.00 |
| **TOTAL:** | | $186,797.47 |

In re  Duke and King Missouri, LLC                ,                Case No.  10-38653
          Debtor                                                                      (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
*(Check one box)*                                                                              $146,450.*
☐  11 U.S.C. § 522(b)(2)
☐  11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| n/a | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

\* *Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

2500229

In re:  Duke and King Missouri, LLC                                    Case No. 10-38653

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNTNUMBER *(See Instructions Above)*. | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Bank of America, NA as Administrative Agent 600 Peachtree Street, NE GA1-006-13-20 Atlanta, GA  30308 | X | | Loan A Principal $9,247,143.89 Interest $105,271.16 Late Charge $12,759.04 | | | | $9,365,174.09 | |
| Bank of America, NA as Administrative Agent 600 Peachtree Street, NE GA1-006-13-20 Atlanta, GA  30308 | X | | Loan C Principal $1,655,283.37 Interest $8,971.82 Late Charge $2,026.07 | | | | $1,666,281.26 | |
| Bank of America, NA as Administrative Agent 600 Peachtree Street, NE GA1-006-13-20 Atlanta, GA  30308 | X | | Acquisition Loan Principal $24,030.73 Interest $273.58 Late Charge $566.09 | | | | $24,870.40 | |
| Bank of America, NA as Administrative Agent 600 Peachtree Street, NE GA1-006-13-20 Atlanta, GA  30308 | X | | Swap Agreement | | | X | $855,881.48 | |

**In re** Duke and King Missouri, LLC,

**Case No. 10-38653**

**Debtor**

**(if known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNTNUMBER *(See Instructions Above).* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Warren Capital Corporation 100 Rowland Way #205 Novato, CA 94945 | X | | UCC Financing Statement | | | | $494,644.90 | |
| | | | **Totals** | | | | $12,406,852.13 | $ |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

In re **Duke and King Missouri, LLC** _____                                    Case No. **10-38653**_____
                          **Debtor**                                                                                    **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data. Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extend provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

__ continuation sheets attached

**In re Duke and King Missouri, LLC**                                        Case No. **10-38653**
                          **Debtor**                                                               **(if known)**

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10)

*Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustments*

{2500240:}

In re **Duke and King Missouri, LLC**                    Case No. **10-38653**
                        **Debtor**                                                              **(if known)**

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

Type of Priority for Claims Listed on This Sheet
**§ 507(a)(8)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | C O D E B T O R | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT EN-TITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Christian County Collector of Revenue<br>100 W. Church, Room 101<br>Ozark, MO, 72201-1097 | | | Personal Property Taxes | | | | 1,249.30 | 1,249.30 | |
| City of Webb City<br>P.O. Box 287<br>555 South Main Street<br>Webb City, MO, 64870 | | | Personal Property Taxes | | | | 1,576.92 | 1,576.92 | |
| Greene County Collector of Revenue<br>940 N Boonville Avenue<br>Springfield, MO, 65802-3802 | | | Personal Property Taxes | | | | 1,420.82 | 1,420.82 | |
| Greene Cty Collector of Revenue<br>940 N Boonville Avenue<br>Springfield, MO, 65802-3802 | | | Personal Property Taxes | | | | 8,086.14 | 8,086.14 | |
| Howell County Collector<br>104 Courthouse<br>West Plains, MO, 65775 | | | Personal Property Taxes | | | | 1,787.74 | 1,787.74 | |
| Janice Varner, Collector of Revenue<br>Barry County Courthouse<br>700 Main Street, Suite #3<br>Cassville, MO, 65625 | | | Personal Property Taxes | | | | 1,275.65 | 1,275.65 | |
| Jasper County Collector<br>601 S Pearl Ave Ste 107<br>Joplin, MO, 64801 | | | Personal Property Taxes | | | | 3,977.06 | 3,977.06 | |

1

In re **Duke and King Missouri, LLC**　　　　　　Case No. **10-38653**　　　　　　　　
　　　　　　　**Debtor**　　　　　　　　　　　　　　　**(if known)**

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (continuation sheet)

Type of Priority for Claims Listed on This Sheet
**§ 507(a)(8)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Laclede County Collector of Revenue 200 N. Adams Lebanon, MO, 65536 | | | Personal Property Taxes | | | | 1,477.52 | 1,477.52 | |
| Newton County Collector PO Box 296 Neosho, MO, 64850 | | | Personal Property Taxes | | | | 1,798.90 | 1,798.90 | |
| Office of the Pettis County Collector 415 S. Ohio, 2Nd Floor Sedalia, MO, 65301 | | | Personal Property Taxes | | | | 1,702.82 | 1,702.82 | |
| Phelps County Collector 200 N. Main Street Ste 127 Rolla, MO, 65401 | | | Personal Property Taxes | | | | 1,686.54 | 1,686.54 | |
| Polk County Collector 102 E. Broadway Room 6 Bolivar, MO, 65613 | | | Personal Property Taxes | | | | 1,503.54 | 1,503.54 | |
| Polk County Collector 102 E. Broadway Room 6 Bolivar, MO, 65613 | | | Personal Property Taxes | | | | 1,897.16 | 1,897.16 | |

In re **Duke and King Missouri, LLC**            Case No. **10-38653**                     
                **Debtor**                                                         **(if known)**

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (continuation sheet)

Type of Priority for Claims Listed on This Sheet
**§ 507(a)(8)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Vernon County Collector 100 W. Cherry Room 10 Nevada, MO, 64772 | | | Personal Property Taxes | | | | 2,351.80 | 2,351.80 | |
| | | | | | | | | | |
| | | | Total ▶ (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | | | | $31,791.91 | | |
| | | | Totals ▶ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | | | | $31,791.91 | |

In re Duke and King Missouri, LLC                    ,        Case No.      10-38653
                                Debtor                                      (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME[1] MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See Instructions above.)* | CODEBTOR | HUSBAD, WIFE, JOINT, OR COMMUNTY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Altibano R Parenti 1091 Industrial Rd #270 San Carlos, CA, 94070 | | | Consideration: Rent | | | | 7,000.00 |
| Awwre III LLC 1220 Lexington Ave Ste 2E New York, NY, 10028 | | | Consideration: Rent | | | | 12,333.34 |
| Bryan E. Weiner Triex Missouri Property Llc 19198 Foxglen Ln Huntington Beach, CA, 92648 | | | Consideration: Rent | | | | 7,703.90 |

[1] This is a partial list of unsecured creditors of Duke and King Missouri, LLC.  See Schedule F of Debtor Duke and King Acquisition Corp., Case No. 10-38652 for a consolidated list of additional unsecured creditors of Debtor Duke and King Missouri, LLC.

1

In re  Duke and King Missouri, LLC                          ,     Case No. 10-38653

              Debtor                                                         (if known)

### SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions above.) | CODEBTOR | HUSBAD, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| First Sunrise, Llc 2679 E 66Th St Brooklyn, NY, 11234 | | | Consideration: Rent | | | | 7,742.83 |
| Frank H. Gaspardi Dba Cf Realty P.O. Box 3150 Sonora, CA, 95370 | | | Consideration: Rent | | | | 5,151.13 |
| Friendly Family Llc 53 Worths Mill Lane Princeton, NJ, 08540 | | | Consideration: Rent | | | | 6,506.05 |
| Glen Harris Farms P. O. Box 1291 Gridley, CA, 95948 | | | Consideration: Rent | | | | 9,980.31 |
| Jamie Lo Dam 1552 Gordy Dr San Jose, CA, 95131 | | | Consideration: Rent | | | | 5,383.10 |
| Joseph Jurnecka 835 Calabasas Rd. Watsonville, CA, 95076-0417 | | | Consideration: Rent | | | | 5,075.00 |

2

In re  Duke and King Missouri, LLC                                    ,      Case No. 10-38653
                    Debtor                                                                          (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions above.) | CODEBTOR | HUSBAD, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Legacy Enterprises Inc<br>1109 S Pickwick Ave<br>Springfield, MO, 65804 | | | Consideration: Rent | | | | 21,677.60 |
| Mo Bk Llc<br>P.O. Box 7906<br>Beverly Hills, CA, 90212 | | | Consideration: Rent | | | | 9,803.45 |
| Spring Investment, Llc<br>Attn: Cheng Lee<br>6 Glengarry Way<br>Princeton Junction, NJ, 08550 | | | Consideration: Rent | | | | 8,346.54 |
| Stewart & Stewart Rentals, Llc<br>9600 County Rd 6750<br>West Plains, MO, 65775 | | | Consideration: Rent | | | | 2,662.00 |
| Sunflower Square Shopping Cent<br>PMB 339<br>20841 Ventura Blvd<br>Woodland Hills, CA, 91364 | | | Consideration: Rent | | | | 20,702.50 |
| Sutter Development, Inc.<br>P.O. Box 125<br>Lebanon, MO, 65536 | | | Consideration: Rent | | | | 1,823.26 |

{2500246:}

In re  Duke and King Missouri, LLC                                        ,          Case No. 10-38653
                    Debtor                                                                                    (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions above.) | CODEBTOR | HUSBAD, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Thomas G. Strong 415 E. Chestnut Expressway Springfield, MO, 65802 | | | Consideration: Rent | | | | 14,077.71 |
| Thomas Joseph Tacci Family Trust 335 Heidi Dr Morgan Hill, CA, 95037 | | | Consideration: Rent | | | | 6,328.42 |
| University Park Develop Llc 7932 S. 90Th East Ave Tulsa, OK, 74133 | | | Consideration: Rent | | | | 5,690.97 |
| Wood Flp Escrow Account 2304 E Powell Springfield, MO, 65804 | | | Consideration: Rent | | | | 3,100.00 |
| | | | Total' (Use only on last page of the completed Schedule F.) (Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.) | | | | $161,088.11 |

4

In re: <u>Duke and King Missouri, LLC</u>          Case No. ___10-38653____
          Debtor                                        (if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

     Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or Lease of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See U.S.C. § 112 and Fed. R. Bankr.P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY, STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| Altibano R. Parenti and Rosa M Parenti Living Trust<br>3104 Margarita Avenue<br>Burlingame, CA 94010 | Lease of non-residential real property located at 1911 S. Springfield Ave., Bolivar, MO 65613 |
| AWWRE III, LLC<br>1220 Lexington Ave  Suite 2E<br>New York, NY 10028 | Lease of non-residential real property located at:<br>• 3095 Gardner Edgewood Drive, Neosho, MO 54850<br>• 2200 E. Austin Blvd., Nevada, MO 64772 |
| Bryan E. Weiner, Alan B. Weiner and Olga M. Weiner<br>Triex Missouri Prop LLC<br>19198 Foxglen Ln<br>Huntington Beach CA 92648 | Lease of non-residential real property located at 875 E. Highway 60, Monett, MO 65708 |
| Burger King Corporation<br>5505 Blue Lagoon Drive<br>Miami, FL  33126 | Limited License Agreement |
| Burger King Corporation<br>5505 Blue Lagoon Drive<br>Miami, FL  33126 | Twenty (20) Franchise Agreements |
| Clyde Stewart, Jr. and Kathy Stewart PO Box 665 West Pains, MO 65775 | Lease of non-residential real property located at 1317 Preacher Roe Blvd., West Plains, MO 65775 |

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY, STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
| --- | --- |
| David Stewart and Joyce Stewart<br>9600 county Road 6750<br>West Plains, MO 65775 | Lease of non-residential real property located at 1317 Preacher Roe Blvd., West Plains, MO 65775 |
| Duke and King Real Estate, LLC<br>12252 Nicollet Ave<br>Burnsville, MN 55337 | Lease of non-residential real property located at 505 W. Trimble Avenue, Berryville, AR 72616 |
| First Sunrise , LLLC<br>2679 East 66th Street<br>Brooklyn, NY 11234 | Lease of non-residential real property located at 1411 Rangeline, Joplin, Mo |
| Frank H. Caspardi and Karen E. Gaspardi, Trustees<br>Gaspardi 2002 Revocable Trust<br>PO Box 3150<br>Sonora, CA 95370 | Lease of non-residential real property located at 1429 Main Street, Parsons, KS 67357 |
| Friendly Family LLC<br>Attn: Cheng K. Tsai<br>53 Worths Mill Lane<br>Princeton, NJ 08540 | Lease of non-residential real property located at 1011 W. Central Avenue, Carthage, MO 64836 |
| Glen Harris Farms<br>PO Box 1291<br>Gridley, CA 95948 | Lease of non-residential real property located at 1101 S. Limit Avenue, Secalia, MO 65301 |
| Joseph E. Jurnecka, Trustee<br>Survivor's Trust of Ruth and Joseph Jurnecka<br>835 Calabasas Rd<br>Watsonville, CA 95076 | Lease of non-residential real property located at 808 Illinois Avenue, Republic, MO 65738 |
| Legacy Enterprises, Inc.<br>7155 E. Crescent Ct.<br>Springfield, MO 65809 | Lease of non-residential real property located at:<br>• 1710 Maiden Lane, Joplin, MO 64801<br>• 1312 S. Madison Street, Webb City, MO 64870<br>• 1220 E. Republic Road, Springfield, MO 65804 |
| Mike Minh Chi Dam and Jamie Lo Dam, Trustees<br>Dam Family Trust<br>1552 Gordy Drive<br>San Jose, CA 95131 | Lease of non-residential real property located at 1699 W. Jackson Street |
| MO.BK.<br>PO Box 7906<br>Beverly Hills, CA 90212 | Lease of non-residential real property located at 525 S. National Ave., Springfield, MO 65802 |

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY, STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| South Campbell Street Investment Company, LLC<br>7155 E. Crescent Ct<br>Springfield, MO 65809 | Lease of non-residential real property located at 3009 South Campbell Avenue, Springfield, MO 65807 |
| Spring Investment LLC<br>Attn: Cheng Lee<br>6 Glengarry Way<br>West Windsor, NJ 08550 | Lease of non-residential real property located at 935 W. Kearney, Springfield, MO 65803 |
| Sunflower Square Shopping Center, LLC<br>PMB 339<br>20841 Ventura Blvd<br>Woodland Hills CA 91364 | Lease of non-residential real property located at 3020 E. Sunshine Street, Springfield, MO 65804 |
| Sutter Development Corp<br>603 Birchbark<br>Lebanon, MO 65536 | Lease of non-residential real property located at 1077 S. Jefferson Avenue, Lebanon, MO 65536 |
| Thomas Joeseph Tacci Family Trust<br>Johanna Lomonaco Tacci and Christopher John Tacci, Trustees<br>355 Heidi Dr.<br>Morgan Hill, CA 95037 | Lease of non-residential real property located at 2138 N. Gemstone Avenue, Springfield, MO 65803 |
| University Park Development, LLC<br>7932 S. 90th East Ave.<br>Tulsa, OK 74133 | Lease of non-residential real property located at 1022 Kings Highway Street, Rolla, MO 65401 |
| Wood Family Limited Partnership<br>c/o J.T. Brown Realty Co., Inc.<br>1736 East Sunshine, Suite 402<br>Springfield, MO 65804 | Lease of non-residential real property located at 315 N. Massey Blvd., Nixa. MO 65714 |

In re **Duke and King Missouri, LLC**           Case No.      **10-38653**
                   **Debtor**                                              **(if known)**

# SCHEDULE H - CODEBTORS

     Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| DK Florida Holdings, Inc.<br>12281 Nicollet Ave., South<br>Burnsville, MN 55337 | Bank of America, NA<br>as Administrative Agent<br>600 Peachtree Street, NE<br>GA1-006-13-20<br>Atlanta, GA 30308 |
| Duke and King Acquisition Corp.<br>12281 Nicollet Ave., South<br>Burnsville, MN 55337 | Bank of America, NA<br>as Administrative Agent<br>600 Peachtree Street, NE<br>GA1-006-13-20<br>Atlanta, GA 30308 |
| Duke and King Acquisition Corp.<br>12281 Nicollet Ave., South<br>Burnsville, MN 55337 | Warren Capital Corporation<br>100 Rowland Way #205<br>Novato, CA 94945 |
| Duke and King Real Estate, LLC<br>12281 Nicollet Ave., South<br>Burnsville, MN 55337 | Bank of America, NA<br>as Administrative Agent<br>600 Peachtree Street, NE<br>GA1-006-13-20<br>Atlanta, GA 30308 |
|  |  |
|  |  |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| In re: | **JOINTLY ADMINISTERED UNDER CASE NO. 10-38652** |
| DUKE AND KING ACQUISITION CORP., | Court File No. 10-38652 |
| Debtors. | |
| | Court File Nos: |
| (includes: | |
| Duke and King Missouri, LLC; | 10-38653 (GFK) |
| Duke and King Missouri Holdings, Inc.; | 10-38654 (GFK) |
| Duke and King Real Estate, LLC; | 10-38655 (GFK) |
| DK Florida Holdings, Inc.) | 10-38656 (GFK) |
| | Chapter 11 Cases |
| | Judge Gregory F. Kishel |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING DEBTORS' STATEMENTS OF FINANCIAL AFFAIRS WITH SCHEDULES

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and Statements") filed herewith by the above captioned debtors and debtors in possession (collectively, the "Debtors") in the United States Bankruptcy Court for the District of Minnesota (the "Bankruptcy Court") were prepared pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007 by management of the Debtors and are unaudited. The Schedules and Statements remain subject to further review and verification by the Debtors. Subsequent information may result in material changes in financial and other data contained in the Schedules and Statements. The Debtors have used their best efforts to compile the information set forth in the Schedules and Statements from their books and records maintained in the ordinary course of their business. While those members of management responsible for preparation of the Schedules and Statements have made reasonable efforts to ensure that the Schedules and Statements are accurate and complete based upon information known to them at the time of preparation, after reasonable inquiries, inadvertent errors or omissions may exist and/or the subsequent receipt of information may result in material changes in financial and other data contained in the Schedules and Statements possibly warranting amendment of the same. The Debtors reserve their right to amend their Schedules and Statements from time to time as may be necessary or appropriate. These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding Debtors' Statements of Financial Affairs with Schedules (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

1.    Description of the Cases and "As Of" Information Date.  On December 4, 2010 (the "Petition Date"), the Debtors each filed a voluntary petition with the Bankruptcy Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") under case numbers 10-38652 through 10-38656 and orders for relief were entered by the Bankruptcy Court.  On the December 8, 2010, the cases were consolidated for the purpose of joint administration under Case No. 10-38652.  Except as noted in the Schedules and Statements, all asset and liability data contained in the Schedules and Statements are stated in United States currency as of December 4, 2010  In some instances, the Debtors have used estimated amounts where actual data as of December 4, 2010 was not available.

2.    Basis of Presentation.  For financial reporting purposes, the Debtors generally prepare consolidated financial statements, which include financial information for each affiliate (including the Debtors, the "Company"), which in the past have been audited annually.  Unlike the consolidated financial information included in the Company's audited financial statements, the Schedules and Statements reflect the assets and liabilities of each Debtor based on their unaudited books and tax records.  Each Debtor generally maintains its accounting records in accordance with the Generally Accepted Accounting Principles ("GAAP") used in the United States.  However, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP.

3.    Summary of Significant Reporting Policies.  The following conventions were adopted by the Debtors in the preparation of the Schedules and Statements:

(a)    Debtors.  Separate Schedules and Statements have been filed for each of the Debtors.  Each Debtor's Schedules and Statements were prepared using the assets and liabilities of that Debtor pursuant to that Debtor's accounting records.

(i)    Although separate Schedules and Statement have been prepared and filed for each of the Debtors, certain of the information set forth in the Schedules and Statements has been prepared on a consolidated basis.  The consolidated information appears only in the Schedules and Statements filed in the case of Duke and King Acquisition Corp. ("DK Acquisition"), Case No.10-38652.  In particular, the following information has been reported on a consolidated basis only in the case of DK Acquisition: (A) Schedule F-Creditors Holding Unsecured Nonpriority Claims; (B) payments to creditors (Statement 3.b); and (C) payments related to debt counseling (Statement 9).  The Schedules and Statements contain notes directing readers to the consolidated information set forth in the corresponding Schedule and Statement in the case of DK Acquisition.  In addition certain information reported on Schedule D Creditors Holding Secured Claims is also reported on a consolidated basis as set forth in Section 3(l) below.

(b)    Reporting Date.  The Debtors' Schedules and Statements are prepared as of the close of business on December 4, 2010.  In some instances, the Debtors have used estimates where actual data as of December 4, 2010 was not available.

(c)     <u>Intercompany Transactions</u>.  Prior to the Petition Date, each of the Debtors made numerous transfers to and from each other.  Similarly, prior to the Petition Date, the Debtors made transfers to related, non-debtor parties in the normal course of business.  The Debtors have set out those that they have been able to compile and list (see Statement at 3(b)) and the Debtors will amend the Schedules and Statement as such lists are revised.

(d)     <u>Book Value</u>.  Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of the net book value of the asset or liability in accordance with the Debtors' accounting and/or tax books and records as of December 4, 2010.  Unless otherwise noted, the Schedules reflect the carrying value of the assets and liabilities as listed in the Debtors' books, and are not based upon any estimate of their current market values, which may not correspond to book values

(e)     <u>Guaranties and Pledges of Stock</u>.  Certain of the Debtors are co-obligors or guarantors of each other with respect to certain loan agreements.  Schedules D and F incorporate the total amount due under such loan agreements for each Debtor.  No claim set forth on Schedules D and F of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

(f)     <u>Property and Equipment – Owned</u>.  Unless otherwise noted, owned property and equipment are stated at net book value.  Depreciation and amortization are provided principally on the straight-line method over a period of three to five years for furniture, fixtures, and equipment, and fifteen to twenty-seven years for buildings.  Although accelerated depreciation methods are used for tax reporting purposes, the Schedules and Statements reflect straight-line methods.  Because as the Debtors calculate depreciation and amortization monthly, the Schedules and Statements reflect eleven months of the year.

(g)     <u>Property and Equipment – Leased</u>.  In the ordinary course of business, the Debtors lease equipment from certain third-party lessors for use in the daily operation of their businesses.  Any such leases are set forth in the Schedules and Statements.  Nothing in the Schedules and Statements is or shall be construed as an admission or determination as to the legal status of any lease, and the Debtors reserve all rights with respect to any of such issues.

(h)     <u>Payments Related to Debt Counseling or Bankruptcy</u>.  The Debtors paid approximately $978,086.07[1] in the aggregate for services rendered and expenses incurred during the twelve months preceding the Petition Date related to debt counseling and bankruptcies.  As set forth above, payments made to professionals were paid by DK Acquisition on behalf of services rendered to each of the Debtors.

---

[1]     This amount includes $385,000 in prepetition retainers held by certain of the Debtors' professionals retained in these cases.  Each professional has disclosed its retainer amount in it retention application filed with the Bankruptcy Court.

(i)     Payments to Creditors.  The Debtors have scheduled payments to creditors made within 90 days prior to the commencement of the chapter 11 cases on Statement of Financial Affairs 3B.  The Debtors have not scheduled payments made to creditors during the 90 days prior to the Petition Date to the extent that such payments were ordinary course payments of wages or other compensation to employees and were subject to a prior court order.

(j)     Schedule A.  The value of the assets listed on Schedule A is based on net book value, and no appraisal has been obtained since that date.  The Company accordingly is unable to verify the current market value of such assets.

(k)     Schedule B.

(i)     With the exception of Debtor DK Acquisition, the balance of the Debtors does not have bank accounts.

(ii)     Accounts receivable included in Item 16 are listed at net book value (unless otherwise noted), and the Debtors do not represent that this is the actual value of these assets or represent future collections.

(iii)     Office equipment, furnishings, and supplies included in Item 28, Machinery, fixtures, equipment, and supplies used in business included in Item 29 and Inventory included in Item 30 are located at either the Debtors' corporate office or the various Burger King Restaurants operated by DK Acquisition and Duke and King Missouri, LLC ("DK Missouri").

(l)     Schedule D.

(i)     Debtors, DK Acquisition, DK Missouri, Duke and King Real Estate, LLC and DK Florida Holdings, Inc. (collectively, the "Obligated Debtors") are co-obligors or guarantors with respect to certain security agreements and instruments (collectively the "Prepetition Financing Agreements") with Bank of America, N.A. ("BofA") with a total amount due as of the Petition Date of approximately $12 million.  The DK Acquisition and DK Missouri are also guarantors with respect to a financing statement (the "UCC Statement") filed by Warren Capital Corporation ("Warren Capital") with a total amount due of $494,644.90 as of the Petition Date.  Each Debtor under the Prepetition Financing Agreements and the UCC Statement has reported on its Schedule D the amount due under the Prepetition Financing Agreements and the UCC Statement.  Accordingly the total amount listed on each of the foregoing Debtor's Schedule D includes duplicate amounts.  The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

(ii)     The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights, deposits posted by or on behalf of the Debtors, or inchoate statutory lien rights.  Such counterparties have been listed on Schedule F.  Except as otherwise agreed pursuant to a stipulation or agreed order or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, except as otherwise agreed pursuant to a stipulation or agreed order or order entered by the Bankruptcy Court, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.  Furthermore, secured claim amounts have been listed on Schedule D without regard to the value of assets secured thereby.  No attempt was made by the Debtors to estimate the fair market value as of the Petition Date of assets pledged pursuant to a secured obligation.  Accordingly, deficiency claims (if any) of secured creditors were not listed on Schedule F and such omission is not an admission by the Debtors as to the sufficiency of collateral related to any secured claim listed on Schedule D.  The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

(m)     Schedule E.  The Bankruptcy Court entered a first day order granting authority to the Debtors to pay prepetition and postpetition employee wages, salaries, benefits, and other obligations for employees.  Pursuant to such order, the Debtors believe that any employee claims for prepetition amounts either have been satisfied or are in the process of being satisfied.  Accordingly, employee claims for amounts owing as of December 4, 2010, that have been paid or that are intended to be paid have not been included in the Schedules and Statements.

(n)     Schedule F.  As stated above, the Schedule F has been prepared on a consolidated basis and filed in the case of DK Acquisition.  Pursuant to the Bankruptcy Order authorizing prepetition payment of certain critical vendors to Alpha Baking Co., Inc., Earthgrains Co., Flowers Baking Co., Pan-O-Gold, and NuCO2, Inc., SICOM Systems, Inc., Reinhart Foods Service LLC, and MBM Corporation in the aggregate amount of approximately $1.4 million.  These payments are not reflected in the amounts listed on Schedule F for the foregoing creditors to the extent such payments have been made.

(o)     Schedule G.  The business of the Debtors is complex and the Debtors have many independent contractors.  Some of these contractors may operate under agreements which are not listed on Schedule G.  While the Debtors have made reasonable efforts to

ensure the accuracy of the executory contracts and unexpired leases listed on Schedule G, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.

(i)     The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, letters, and other documents, instruments, and agreements which may not be listed therein. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth in Schedule G. Certain of the executory contracts may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have been scheduled to the best of the Debtors' knowledge. Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, supplemental agreements, amendments/letter agreements, title documents, consents, and other miscellaneous agreements. Such documents are not set forth in Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements.

(ii)    The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on these Schedules.

(p)    <u>Interests in Subsidiaries</u>. DK Acquisition directly owns 100% of Duke and King Missouri Holdings, Inc. and DK Florida Holdings, Inc. Duke and King Missouri Holdings, Inc. directly own 100% of DK Real Estate, LLC and DK Missouri. Interests in subsidiaries and affiliates arise from stock ownership. Each Debtor's Schedule B – Personal Property lists such Debtor's ownership interests, if any, in subsidiaries and affiliates. The value of such stock or interests is dependent upon numerous variables and factors. Given the complexities of these variables, the Debtors are unable to schedule value for such stock or interests

4.    <u>Claims</u>. The Debtors' Schedules list creditors and set forth the Debtors' estimate of the amount of the claims of such creditors, as of the close of business on December 4, 2010. Payments have subsequently been and will continue to be made to claimants pursuant to various Bankruptcy Court orders in the Debtors' cases. The Bankruptcy Court has authorized the Debtors, among other matters; to pay prepetition wages, salaries, and employee benefits, critical vendors, customer obligations, and to pay prepetition sales, use, and other taxes and regulatory fees. Accordingly, the actual unpaid claims of creditors may differ substantially from the amounts set forth in the Schedules and Statements, which reflect unpaid claims as of December 4, 2010.

5.     Disputed, Contingent, and/or Unliquidated Claims.  Schedules D, E, and F permit each of the Debtors to designate a claim as disputed, contingent, and/or unliquidated.  A failure to designate a claim on any of these schedules as disputed, contingent, and/or unliquidated does not constitute an admission that such claim is not subject to objection.  The Debtors reserve their right to dispute, or assert offsets or defenses to any claim reflected on these Schedules as to the nature, amount, liability, or status.

6.     Insurance.  The Debtors maintain general liability insurance policies, and various other insurance policies.  The Debtors maintain certain insurance policies essential to the continued operations of the Company.  The terms of these policies are characteristic of insurance policies typically maintained by corporate entities that are similar in size and nature to the Company.  The Company's insurance policies generally are structured to provide coverage to several of its direct and indirect subsidiaries and affiliates, including the Debtors.  The Company maintains various policies of insurance, including, but not limited to, property, casualty, motor vehicle and general liability and director and officer insurance policies

7.     Real Property.  The buildings (the Debtors do not own the land on which the buildings are located) owned by any of the Debtors are listed in the Schedule A for that individual Debtor.  A building is scheduled at the value that the Debtors carried on their books as of December 4, 2010.

8.     Reservation of Rights and Exculpation.  The Debtors reserve all their rights to amend the Schedules and Statements in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or to assert offsets or defenses to any claim reflected on the Schedules as to amount, liability, or classification or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."  Any failure to designate a claim as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim is not "contingent," "unliquidated," or "disputed."  Furthermore, nothing contained in the Schedules shall constitute a waiver of the Debtors' rights with respect to the chapter 11 cases and, specifically, with respect to any issues involving equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant nonbankruptcy laws to recover assets or avoid transfers.  Moreover, although the Debtors may have scheduled claims of various creditors as priority claims, the Debtors reserve all rights to dispute or challenge the priority treatment of any such creditor's claim (or portion thereof) of the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.  The Debtors and their agents, attorneys, and advisors do not guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein.  While reasonable effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  The Debtors and their agents, attorneys, and advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized.  In no event shall the Debtors or their agents, attorneys, and advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential

claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and advisors are advised of the possibility of such damages.

In re Duke and King Missouri, LLC                                    Case No. 10-38653
                    Debtor                                                    (if known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

     I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 22 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: January 10, 2011                    Signature: /s/ Becky Moldenhauer
                                          Printed Name: Becky Moldenhauer
                                          Title: CFO, Vice President & Secretary

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 §§ 152 and 3571.

# UNITED STATES BANKRUPTCY COURT
## District of Minnesota

IN RE: **DUKE AND KING MISSOURI, LLC**                         CASE NO.      **10-38653**
          Debtor                                                                                              (if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do no disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19-25. **If the answer to an applicable  question is "None," mark the box labeled "None."**  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

*"In business."*  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."*  The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor.  11 U.S.C. § 101.

---

1.     **Income from employment or operation of business**

None
☐          State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|               AMOUNT               |              SOURCE              |
| ---------------------------------- | ------------------------------- |
| 2009 Actual = $22,146,000          | Operation of business           |
| 2010 Actual = $21,226,000          | Operation of business           |

---

**2.**  **Income other than from employment or operation of business**

None

☑ State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

       **AMOUNT**        **SOURCE**

---

**3.** **Payments to creditors**

   ***Complete a. or b., as appropriate, and c.***

None

☑ a. *Individual or joint debtor(s) with primarily consumer debts*: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

In re: <u>Duke and King Missouri, LLC</u>      Case No. <u>10-38653</u>

---

None

☐    b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850**. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| See Statement of Financial Affairs of Duke and King Acquisition Corp., Bankruptcy Case No. 10-38652, filed concurrently herewith for detail of amounts payments to creditors on behalf of both Debtors | | | |

---

None

☑    c.   *All Debtors*: List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

{2500273:}

In re: <u>Duke and King Missouri, LLC</u>       Case No. <u>10-38653</u>

---

4. **Suits and administrative proceedings, executions, garnishments and attachments**

None
☐      a.   List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Bruce D. Swisshelm, Sr., Plaintiff vs. Duke and King Missouri, LLC, Duke and King Real Estate, LLC, and Duke and King Acquisition Corporation, Defendants/Counterclaim Plaintiffs, vs. The Swisshelm Group, Inc., Swisshelm Family Limited Partnership, Pointguard Enterprises, Inc., and Bruce D. Swisshelm Sr., Counterclaim Defendants Case No. 0831-CV13985 | | In The Circuit Court Of Greene County, Missouri | In Process |

---

None
☑      b.   Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 5.  Repossessions, foreclosures and returns

None
☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE, SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

### 6.  Assignments and receiverships

None
☑

a.   Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None
☑

b.   List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT, CASE TITLE AND NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

**7. Gifts**

None

☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE GIFT |
|---|---|---|---|

**8. Losses**

None

☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCE AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None

☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| See Statement of Financial Affairs of Duke and King Acquisition Corp., Bankruptcy Case No. 10-38652, filed concurrently herewith for detail of amounts paid for debt counseling or bankruptcy on behalf of both Debtors. | | |

10.a.    **Other transfers**

None

☐     a.    List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Ruth & Joseph Jurnecka Trust<br>808 Illinois Avenue<br>Republic, MO  65738<br>Third Party | 1/7/2009 | Sale/Leaseback of store #11751<br>$637,823 |
| Kennett Properties LLC<br>505 W. Trimble Avenue<br>Berryville, AR  72616<br>Third Party | 6/12/2009 | Closure of store and sale of property<br>$255,000 |
| AWWRE III, LLC<br>3095 Gardner Edgewood Drive<br>Neosho, MO  64850<br>Third Party | 12/29/2009 | Sale/Leaseback of store #11049<br>$741,025 |
| AWWRE III, LLC<br>2200 E. Austin Blvd.<br>Nevada, MO  64772<br>Third Party | 12/18/2009 | Sale/Leaseback of store #12281<br>$745,560 |

None

☑     b.    List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

11.  **Closed financial accounts**

None

☑       List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

12.  **Safe deposit boxes**

None

☑       List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

13.  **Setoffs**

None

☑       List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

---

#### 14. **Property held for another person**

None
☑           List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

#### 15. **Prior address of debtor**

None
☐           If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 505 W. Trimble Avenue Berryville, AR | Burger King | Closed 3/2009 |
| 1312 S. Madison Street Webb City, MO | Burger King | Closed 12/2/2010 |
| 1710 Maiden Lane Joplin, MO | Burger King | Closed 12/2/2010 |

---

#### 16. **Spouses and Former Spouses**

None
☑           If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

           **NAME**

### 17. **Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☑   a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| | | | |

None
☑   b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|
| | | | |

None
☑   c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DEPOSITION |
|---|---|---|
| | | |

In re: <u>Duke and King Missouri, LLC</u>          Case No. <u>10-38653</u>

---

18. **Nature, location and name of business**

None
☑    a.   *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO., COMPLETE EIN OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
| --- | --- | --- | --- | --- |

---

None
☑    b.   Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
| --- | --- |

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor; or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

### 19. **Books, records and financial statements**

None
☐

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Vanessa Sweeney 2258 Woodhill Eagan, MN 55122 | March 2008 to current |

---

None
☐

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| Becky Moldenhauer, CFO | 1935 Evergreen Lane Shakopee MN 55379 | 11/1/2006 – Present |
| Dan Vaith, Controller | 20945 Jury Court Lakeville, MN 55044 | 8/13/2007 – 9/4/2008 |
| Vanessa Sweeney, Acctg Mgr | 2258 Woodhill Eagan, MN 55122 | 3/19/2008 – Present |
| Kade Moody | Horne, LLP 200 East Capitol Street, Suite 1400 Jackson, MS 39201 | 07/2009 – 12/2009 |
| Michael S. McKeown, CPA | Horne, LLP 1801 West End Avenue, Suite 800 Nashville, TN 37203 | 3/2009 – 6/2009 |
| Alexis Becker Dustin Minton | SS&G 11500 Northlake Dr. Cincinnati, OH 45249 | 9/2009 – Present |

None
☑     c.   List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

**NAME**                                   **ADDRESS**

None
☐     d.   List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

**NAME AND ADDRESS**                     **DATE ISSUED**

    See Attachment 19d

**20. Inventories**

None
☐     a.   List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| | | **DOLLAR AMOUNT OF INVENTORY** |
| | **INVENTORY** | **(Specify cost, market** |
| **DATE OF INVENTORY** | **SUPERVISOR** | **or other basis)** |

    See Attachments 20a

None
☐     b.   List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| | **NAME AND ADDRESSES OF CUSTODIAN OF** |
| **DATE OF INVENTORY** | **INVENTORY RECORDS** |

    See Attachment 20b

### 21. **Current Partners, Officers, Directors and Shareholders**

None
☑       a.   If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None
☐       b.   If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| Paul Cifelli<br>521 Fifth Avenue, 34th Floor<br>New York, New York 10175 | Director | No Ownership – Indirectly controls |
| Christian Michalik<br>521 Fifth Avenue, 34th Floor<br>New York, New York 10175 | Director | No Ownership – Indirectly control |
| Clyde Culp<br>1907 Hidden Point Road<br>Annapolis, MD 21401 | Director | No Ownership – Indirectly controls |
| Rodger Head<br>537 Westport Drive<br>Old Hickory, TN 37138 | Director, CEO & President | No Ownership – Directly controls |
| Becky Moldenhauer<br>1935 Evergreen Lane<br>Shakopee, MN  55379 | CFO & Vice President & Secretary | No Ownership – Directly controls |
| Duke and King Missouri Holdings, Inc.<br>12281 Nicollet Ave., South<br>Burnsville, MN 55337 | Stockholder | 100% Stock Ownership |

---

**22. Former partners, officers, directors and shareholders**

None
☑      a.   If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|

---

None
☑      b.   If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|

---

**23.  Withdrawals from a partnership or distributions by a corporation**

None
☑         If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF RECIPIENT RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|------------------------------------------------------|--------------------------------|------------------------------------------------------|

**24. Tax Consolidation Group**

None

☑ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

<table>
<tr><td align="center"><strong>NAME OF PARENT<br>CORPORATION</strong></td><td align="center"><strong>TAXPAYER IDENTIFICATION<br>NUMBER (EIN)</strong></td></tr>
</table>

**25. Pension Funds**

None

☑ If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

<table>
<tr><td align="center"><strong>NAME OF PENSION FUND</strong></td><td align="center"><strong>TAXPAYER IDENTIFICATION<br>NUMBER (EIN)</strong></td></tr>
</table>

In re: <u>Duke and King Missouri, LLC</u>      Case No. <u>10-38653</u>

<u>DECLARATION</u>

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  January <u>10</u>, 2011          Signature    `/s/ Becky Moldenhauer`
                                       Name:      Becky Moldenhauer
                                       Title:      CFO, Vice President & Secretary

7 continuation sheets attached

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 and 3571*

### STATEMENT OF FINANCIAL AFFAIRS
### Attachment 10.A
### Other transfers other than property transferred in the ordinary course of the business
### or financial affairs of the debtor -- within 2 years

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Ruth & Joseph Jurnecka Trust 808 Illinois Avenue Republic, MO 65738 Third Party | 1/7/2009 | Sale/Leaseback of store #11751 $637,823 |
| Kennett Properties LLC 505 W. Trimble Avenue Berryville, AR 72616 Third Party | 6/12/2009 | Closure of store and sale of property $255,000 |
| AWWRE III, LLC 3095 Gardner Edgewood Drive Neosho, MO 64850 Third Party | 12/29/2009 | Sale/Leaseback of store #11049 $741,025 |
| AWWRE III, LLC 2200 E. Austin Blvd. Nevada, MO 64772 Third Party | 12/18/2009 | Sale/Leaseback of store #12281 $745,560 |

{2527854:}

## STATEMENT OF FINANCIAL AFFAIRS
### Attachment 19(D)
### FINANCIAL STATEMENTS TO INSTITUTIONS

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| 504 West Blackhawk Realty LLC<br>Attn: John Tosini 140 Adams Avenue, Suite A8<br>Hauppauge, NY 11788 | Various Dates |
| Albert E. Miller Revocable Living Trust<br>78-6833 Alii Drive Apt A6<br>Kailua Kona, HI 96740-4477 | Various Dates |
| American Equipment Finance<br>258 King George Road<br>Warren, NJ 07059 | April 2010 |
| Bank of America<br>Tony Healey<br>100 Federal Street<br>Boston, MA 02110 | Quarterly 2009-2010 |
| Barque Hill Capital Partners LLC<br>P.O. Box 1320<br>Forestdale, MA 02644 | Various Dates |
| Bernard C. Winters<br>735 West Bridge, LLC<br>2131 Century Park Lane 3-214<br>Los Angeles, CA 90067 | Various Dates |
| Burger King Corp<br>Frank Taylor<br>5505 Blue Lagoon Drive<br>Miami, FL 33126 | 2009-2010 |
| Burnsville BK, LLC c/o D.J. Sikka<br>6010 Highway 7<br>St. Louis Park, MN 55416- | Various Dates |
| Christopher Guthrie, Trustee<br>Post Office Box 1733<br>Ross, CA 94957 | Various Dates |
| CNL APF Partners, LP.<br>CNL Center at city Commons,<br>450 South Orange Ave.<br>Attn. Property Management<br>Orlando, FL 32801 | Various Dates |
| Coca-Cola Finance Corp<br>Richard A. Lemke<br>2600 Eagan Woods Drive, Suite 350<br>Eagan, MN 55121 | August 2009 |
| Cordoza Family Trust<br>316 E. Beach Street<br>Watsonville, CA 95076 | Various Dates |
| Direct Capital<br>Remington Tagget<br>155 Commerce Way<br>Portsmouth, NH 03801 | April 2010 |

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| Duke Mfg. Co.<br>Anissa Lacy<br>3142 San Michele Drive<br>Palm Beach Gardens, FL 33418 | March 2009 |
| Edward C. Lim & Elaine Lim<br>102 Colby Street<br>San Francisco, CA 94134 | Various Dates |
| First Franchise Capital Corporation<br>Lisa Munson<br>2715 13th Street<br>Columbus, NE 68601 | April 2010 |
| Gabe Fazzini & Karen Fazzini<br>37072 Galileo Lane<br>Murrietta, CA 92563 | Various Dates |
| Gene C. Ghisolfo<br>101 Windwalker Way<br>Novato, CA 94945 | Various Dates |
| Harbour Capital Corporation<br>Patrick Sullivan<br>121 Shattuck Way<br>Newington NH 03801 | February 2009 |
| Harriet & Demetrios Spyrakos<br>6743 North Nokomis<br>Lincolnwood, IL 60712 | Various Dates |
| Irwin Franchise Capital Corporation<br>Steve Racine<br>2715 13th Street<br>Columbus, NE  68601 | April 2010 |
| Jeffery & Kathleen Freeman<br>314 Loma Avenue<br>Huntington Beach, CA 92648 | Various Dates |
| John R. Piatt<br>4156 Poplar Street<br>San Diego, CA 92105 | Various Dates |
| John Suen & Nancy Huang<br>50 Maddux Avenue<br>San Francisco, CA 94124 | Various Dates |
| Kathleen Kahn<br>3 Silver Queen Court<br>Park City, UT 84060 | Various Dates |
| LAG Property Group, LLC<br>3716 N. Lakewood<br>Chicago, IL 60613 | Various Dates |
| Leasing Technologies International, Inc..<br>Richard Livingston<br>221 Danbury Road<br>Wilton, CT 06897 | January 2009 |
| Mark Kim & Helen Kim<br>2298 Thistle Road<br>Glenview, IL 60026 | Various Dates |
| Mastodon Ventures<br>Robert Hersch<br>515 Congress Avenue, Suite 1400<br>Austin TX 78701 | October 2010 |
| McDonald Hopkins<br>Shawn Riley<br>600 Superior Avenue E, Suite 2100<br>Cleveland, Ohio  44114-2653 | September 2010 |

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| Mihailo Chuckalovich<br>18540 Prairie Street #101<br>Northridge, CA 91324 | Various Dates |
| Nathan Lustman<br>4335 Marina City Drive, P.H. 31<br>Marina Del Ray, CA 90292 | Various Dates |
| One World Leasing<br>Keith Batson<br>643 Spence Lane<br>Nashville, TN 37210 | June 2009 |
| Paul N. & Karine T. Philips<br>801 North Brand Blvd., Suite 665<br>Glendale, CA 91203 | Various Dates |
| Peggy & Hsia Chang<br>38 Josiah Avenue<br>San Francisco, CA 94112 | Various Dates |
| Pooya, Inc<br>2070 Demaine Court<br>Morgan Hill, CA 95037 | Various Dates |
| Prince Castle<br>Tom Serena<br>21063 Network Place<br>Chicago, IL 60673-1210 | February 2009 |
| Ramsey Cronfel<br>725 Parkview Circle<br>Elk Grove Village, IL 60007 | Various Dates |
| Richard & Dorinda Sherwin<br>574 Hillside Drive<br>Cloverdale, CA 95425 | Various Dates |
| Ronald Gdovin & Dina Rickard<br>5400 East The Toledo #402<br>Long Beach, CA 90803-3901 | Various Dates |
| Russ Family Trust<br>c/o Lawrence M. Russ Trustee<br>14859 East 47th Lane<br>Yuma, CA 85367 | Various Dates |
| Segura Investments VI & VII, LLC<br>2444 Wilshire Blvd., Suite #501<br>Santa Monica, CA 90403 | Various Dates |
| Serramonte Westborough Associates<br>355 GELLERT BLVD, SUITE 222<br>Daly City, CA 94015 | Various Dates |
| Stephen F. Gardella, Jr., Trust<br>2426 Denver Street<br>San Diego, CA 92110 | Various Dates |
| The Lakes Adventure LLC<br>Suite 341-30100 Town Center Drive<br>Laguna Niguel, CA 92677 | Various Dates |
| The Worms Trust<br>1384 Miller Place<br>Los Angeles, CA 90069 | Various Dates |
| Trinity Capital<br>David Stiles<br>11755 Wilshire Blvd., Suite 2450<br>Los Angeles, CA 90025 | June 2009 |

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| Vanowen Street, LLC<br>11054 Ventura Blvd Suite #134<br>Studio City, CA 91604- | Various Dates |
| Varilease Finance, Inc.<br>Tracy Martin<br>6340 South 3000 East, Suite 400<br>Salt Lake City, UT 84121 | April 2010 |
| Wakefield LLC<br>Attn: Julie Oanh T. Nguyen<br>350 Santa Helena<br>Solana Beach, CA 92075-1509 | Various Dates |
| Warren Capital<br>Scott Shapiro<br>100 Rowland Way, Suite 205<br>Novato, CA  94945 | May 2009 |
| Wells Fargo<br>Sharlyn Rekenthaler<br>7900 Xerxes Ave S<br>Bloomington, MN 55431 | 2009-2010 |

## STATEMENT OF FINANCIAL AFFAIRS
### Attachment 20.A
**List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.**

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market Or other basis) |
|---|---|---|
| 12/2/2010 | Archie Donoho | 14,778 – Cost |
| 12/2/2010 | Jamie Goddard | 14,332 – Cost |
| 12/2/2010 | Tammy Essex | 7,520 – Cost |
| 12/2/2010 | Brenda Good | 10,084 – Cost |
| 12/2/2010 | Andrea Flores | 10,307 – Cost |
| 12/2/2010 | Julia Burns-Burkett | 10,324 – Cost |
| 12/2/2010 | Suzanna Wilbanks | 8,655 – Cost |
| 12/2/2010 | William Stock | 10,945 – Cost |
| 12/2/2010 | Chad Webber | 10,288 – Cost |
| 12/2/2010 | Chakina Geer | 8,744 – Cost |
| 12/2/2010 | Heather Johnson | 9,108 – Cost |
| 12/2/2010 | Tammy Clymore | 8,553 – Cost |
| 12/2/2010 | Troy Dickinson | 8,600 – Cost |
| 12/2/2010 | Joshua Mabrey | 10,102 – Cost |
| 12/2/2010 | Jessica Pasquarelli | 7,600 – Cost |
| 12/2/2010 | Susan Crespino | 10,989 – Cost |
| 12/2/2010 | Hollie Gregory | 8,499 – Cost |
| 12/2/2010 | Belinda Mincks | 9,576 – Cost |
| 12/2/2010 | Destiny Booth | 5,484 – Cost |
| 12/2/2010 | Lisa Bentley | 3,762 – Cost |
| 11/4/2010 | Archie Donoho | 11,265 – Cost |
| 11/4/2010 | Jamie Goddard | 10,316 – Cost |
| 11/4/2010 | Tammy Essex | 7,304 – Cost |
| 11/4/2010 | Brenda Good | 7,915 – Cost |
| 11/4/2010 | Andrea Flores | 8,342 – Cost |
| 11/4/2010 | Julia Burns-Burkett | 9,515 – Cost |
| 11/4/2010 | Suzanna Wilbanks | 8,428 – Cost |
| 11/4/2010 | William Stock | 7,026 – Cost |
| 11/4/2010 | Chad Webber | 8,028 – Cost |
| 11/4/2010 | Chakina Geer | 8,081 – Cost |
| 11/4/2010 | Heather Johnson | 7,749 – Cost |
| 11/4/2010 | Tammy Clymore | 8,735 – Cost |
| 11/4/2010 | Troy Dickinson | 8,289 – Cost |
| 11/4/2010 | Joshua Mabrey | 8,789 – Cost |
| 11/4/2010 | Jessica Pasquarelli | 7,913 – Cost |
| 11/4/2010 | Bob Murphy | 5,839 – Cost |
| 11/4/2010 | David Smith | 5,704 – Cost |
| 11/4/2010 | Susan Crespino | 11,613 – Cost |
| 11/4/2010 | Hollie Gregory | 6,595 – Cost |
| 11/4/2010 | Belinda Mincks | 7,564 – Cost |
| 11/4/2010 | Destiny Booth | 6,615 – Cost |
| 11/4/2010 | Lisa Bentley | 9,276 – Cost |

## STATEMENT OF FINANCIAL AFFAIRS
### Attachment 20.B
**List the name and address of the person having possession of the
records of each of the inventories reported**

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS | | | | |
|---|---|---|---|---|---|
| 12/2/2010 | Archie Donoho | 1505 East Downing | Springfield | MO | 65804 |
| 12/2/2010 | Jamie Goddard | 5674 E Tamera Ln #32 | Joplin | MO | 64801 |
| 12/2/2010 | Tammy Essex | 5428 E State Highway C | Springfield | MO | 65803 |
| 12/2/2010 | Brenda Good | 508 Loblolly | Rogersville | MO | 65742 |
| 12/2/2010 | Andrea Flores | 289 North Grand Street | Lebanon | MO | 65536 |
| 12/2/2010 | Julia Burns-Burkett | 616 Scottsvale | Rolla | MO | 65401 |
| 12/2/2010 | Suzanna Wilbanks | 2613 Anderson | Sedalia | MO | 65301 |
| 12/2/2010 | William Stock | 2230 Connecticut Apt 2 | Joplin | MO | 64804 |
| 12/2/2010 | Chad Webber | 586 Texas Avenue | Republic | MO | 65738 |
| 12/2/2010 | Chakina Geer | 2935 W. Maplewood Apt C203 | Springfield | MO | 65807 |
| 12/2/2010 | Heather Johnson | P.O. Box 995 | Rockaway Beach | MO | 65740 |
| 12/2/2010 | Tammy Clymore | 4763 S 129 Road | Bolivar | MO | 65613 |
| 12/2/2010 | Troy Dickinson | 5343 W Soapberry Ct | Springfield | MO | 65802 |
| 12/2/2010 | Joshua Mabrey | 721 Kaitlin Dr | Mountain View | MO | 65548 |
| 12/2/2010 | Jessica Pasquarelli | 414 Lincoln | Erie | KS | 66733 |
| 12/2/2010 | Susan Crespino | 407 Hodge | Carl Junction | MO | 64834 |
| 12/2/2010 | Hollie Gregory | 2101 West Chesterfield Blvd C 100 Box 62 | Springfield | MO | 65807 |
| 12/2/2010 | Belinda Mincks | 107 S 2nd | Walker | MO | 64790 |
| 12/2/2010 | Destiny Booth | 1131 E Locust | Springfield | MO | 65803 |
| 12/2/2010 | Lisa Bentley | 11844 Cedar Road | Carthage | MO | 64836 |
| 11/4/2010 | Archie Donoho | 1505 East Downing | Springfield | MO | 65804 |
| 11/4/2010 | Jamie Goddard | 5674 E Tamera Ln #32 | Joplin | MO | 64801 |
| 11/4/2010 | Tammy Essex | 5428 E State Highway C | Springfield | MO | 65803 |
| 11/4/2010 | Brenda Good | 508 Loblolly | Rogersville | MO | 65742 |
| 11/4/2010 | Andrea Flores | 289 North Grand Street | Lebanon | MO | 65536 |
| 11/4/2010 | Julia Burns-Burkett | 616 Scottsvale | Rolla | MO | 65401 |
| 11/4/2010 | Suzanna Wilbanks | 2613 Anderson | Sedalia | MO | 65301 |
| 11/4/2010 | William Stock | 2230 Connecticut Apt 2 | Joplin | MO | 64804 |
| 11/4/2010 | Chad Webber | 586 Texas Avenue | Republic | MO | 65738 |
| 11/4/2010 | Chakina Geer | 2935 W. Maplewood Apt C203 | Springfield | MO | 65807 |
| 11/4/2010 | Heather Johnson | P.O. Box 995 | Rockaway Beach | MO | 65740 |
| 11/4/2010 | Tammy Clymore | 4763 S 129 Road | Bolivar | MO | 65613 |
| 11/4/2010 | Troy Dickinson | 5343 W Soapberry Ct | Springfield | MO | 65802 |
| 11/4/2010 | Joshua Mabrey | 721 Kaitlin Dr | Mountain View | MO | 65548 |
| 11/4/2010 | Jessica Pasquarelli | 414 Lincoln | Erie | KS | 66733 |
| 11/4/2010 | Bob Murphy | 1512 W. Porterfield Dr. | Nixa | MO | 65714 |

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS | | | |
|---|---|---|---|---|
| 11/4/2010 | David Smith | 4911 SE Blackjack Rd | Baxter Springs | KS | 66713 |
| 11/4/2010 | Susan Crespino | 407 Hodge | Carl Junction | MO | 64834 |
| 11/4/2010 | Hollie Gregory | 2101 West Chesterfield Blvd C 100 Box 62 | Springfield | MO | 65807 |
| 11/4/2010 | Belinda Mincks | 107 S 2nd | Walker | MO | 64790 |
| 11/4/2010 | Destiny Booth | 1131 E Locust | Springfield | MO | 65803 |

2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Duke and King Missouri, LLC
Debtor(s).

**SIGNATURE DECLARATION**

Case No.  10-38653

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☐ MODIFIED CHAPTER 13 PLAN
☒ OTHER    (Please describe:  Schedules of Assets and Liabilities, Statement of Financial Affairs)

We, the undersigned debtor(s) or authorized representative of the debtor, *make the following declarations under penalty of perjury:*

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;
- **[individual debtors only]** If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and
- **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date:   January 10, 2011

X  _Becky · Moldenhauer_
Signature of Debtor or Authorized Representative

Becky Moldenhauer
Printed Name of Debtor or Authorized Representative

_____
Printed Name of Joint Debtor

Form ERS 1 (Rev. 10/03)

4860434_1